UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| BOBBY LARRY JONES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 4:23-cv-01719-SRC |
| | ) | |
| VALERIE HUHN, | ) | |
| | ) | |
| Respondent. | ) | |

**<u>Memorandum and Order</u>**

Bobby Larry Jones filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Doc. 1.  For the following reasons, the Court dismisses the petition without prejudice for failure to exhaust his state-court remedies.

**I.      Background**

Jones's state trial court file is labeled "Security Level:  3 Confidential," doc. 1-1 at 4, and is not available on Missouri Case.net, Missouri's online case management system.  Jones, however, has attached the docket sheet from his state court case.  *Id.* at 4–14.

In February 1992, Jones pleaded not guilty by reason of mental disease or defect to the charges of assault in the first and second degree.  *Id.* at 1.  The Missouri state court accepted Jones's plea and, pursuant to Missouri Revised Statute § 552.030, the court ordered Jones committed to the custody of the Director of the Missouri Department of Mental Health.  *Id.*  In January 2004, Jones filed an application in state court for conditional release, but the state court denied it.  *Id.* at 12, 14.  Roughly six years later, Jones filed a motion for habeas-corpus relief in the state court.  *Id.* at 12.  The state court ordered an independent mental examination.  *Id.* at 11.

On August 22, 2011, Jones filed another application for conditional release.  *Id.*  The State did not file an objection to the application, and on September 28, 2011, the court entered an order and judgment for conditional release.  *Id.* at 10.  In August 2013, Jones filed an application to amend his conditional release, and the state court entered an order and judgment amending Jones's conditional release.  *Id.*  Jones sought to amend his conditional release again in April 2016, *id.* at 9, but the record does not reflect that the state court ruled on that motion, *see* doc. 1-1.  On January 22, 2019, Jones filed another application to amend his conditional release, which the court denied for several reasons, including failure to comply with the procedural requirements of Missouri Revised Statute § 552.040.  *Id.* at 7.

On April 24, 2020, Jones filed an application to extend his conditional release, which the state court granted.  *Id.* at 6; *see also id.* at 15–20.  Upon review, the state court found that Jones was not likely to commit another violent crime because of his mental illness and that he "possess[ed] the capacity to appreciate the criminality of the violent crime . . . and the capacity to conform his conduct to the" law.  *Id.* at 15.  Although granting the application to extend conditional release, the court imposed 13 conditions on his release.  *Id.* at 16–20.  The first condition permitted Jones to reside in a "Host Home or an Individualized Supported Living . . . placement."  *Id.* at 16.

Most recently, on March 19, 2021, Jones filed a "petition for amended conditional release to supervised independent to live in my own place in St[.] Louis, Missouri."  *Id.* at 5.  The state court appointed Jones a public defender, who filed an amended petition on April 29, 2021.  *Id.*  It appears that the amended petition sought unconditional release because, on June 15, 2023, the State filed a motion to dismiss Jones's application for unconditional release.  *Id.* at 4.  As of

2

August 17, 2023, the date the state-court docket sheet was prepared, the state court had not yet ruled on this application.  *Id.*

On December 26, 2023, Jones filed his section 2254 petition on a Court-provided form. Doc. 1.  Although Jones has attempted to complete the form, he seems to have limited knowledge of the procedural posture of any underlying application for amendment of his conditional release.  The only information provided by Jones is a copy of the docket sheet in his state-court case and a copy of the May 26, 2020 judgment and order that extended his conditional release.  Doc. 1-1 at 15–20.  Jones's mailing address is listed as 7 South Joyce Ellen Way, which is a private residence in St. Peters, Missouri.  While it seems Jones resides in a private residence, he has not provided any information regarding the current status of his conditional release or his application for unconditional release.

## II.    Standard

Upon the filing of a section 2254 petition, the Court must examine the petition to determine "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in" this Court.  Rule 4 of the Rules Governing Section 2254 cases.  If it does, the Court must dismiss the petition.  *Id.*

## III.    Discussion

In his petition, Jones asks the Court to release him from the state court and the Department of Mental Health.  Doc. 1 at 12.  To the extent Jones seeks relief under section 2254 based on his state-court petition for unconditional release, the Court must dismiss his petition because he has not exhausted his available state remedies.

Section 2254 authorizes the Court to entertain a petition "of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the

3

Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).  As relevant here,

section 2254 prohibits the Court from granting a petition "unless it appears that . . . the applicant

has exhausted the remedies available in the courts of the State."  28 U.S.C. § 2254(b)(1)(A).  The

exhaustion requirement applies with equal force when a habeas petitioner seeks to challenge

state custody pursuant to a civil commitment.  *See Beaulieu v. Minnesota*, 583 F.3d 570, 575 (8th

Cir. 2009).  "To satisfy the exhaustion requirement, a person" civilly committed "must apply for

release under [Missouri Revised Statute § 552.040] before filing a petition for a writ of habeas

corpus."  *Kolocotronis v. Holcomb*, 925 F.2d 278, 279 (8th Cir. 1991) (citing *Cyronne-DeVirgin

v. Missouri*, 341 F.2d 568, 570–71 (8th Cir. 1965)).  If the state court denies that application, the

person must appeal to the Missouri Court of Appeals.  *Id.* (citing *Jones v. Ritterbusch*, 548 F.

Supp. 89, 90 (W.D. Mo. 1982)).  But if the Missouri Court of Appeals denies relief, a person

need not request transfer to the Missouri Supreme Court for the Court to consider all state

remedies exhausted.  *Grass v. Reitz*, 643 F.3d 579, 585 (8th Cir. 2011) (citing *Taylor v. Roper*,

561 F.3d 859, 861 n.2 (8th Cir. 2009)).

Here, Jones included as an exhibit a state-court docket sheet that shows he has applied for

unconditional release under section 552.040 in the state court.  Doc. 1-1 at 5.  But the docket

sheet does not reflect that the state court has ruled on that application.  *See* doc. 1-1.  The Court

attempted to review MissouriCase.net to determine if the state court has issued a ruling.  But the

level three security on Jones's case prevented the Court from doing so.  Even assuming the state

court has issued an adverse ruling, Jones must appeal to the Missouri Court of Appeals before he

can file a section 2254 petition in this Court.  Jones has not alleged that he appealed to the

Missouri Court of Appeals and, based on the Court's independent review of Missouri Case.net, it

4

does not appear that Jones has.  The Court therefore concludes that Jones has failed to exhaust his state court remedies and dismisses Jones's petition.

**IV.     Conclusion**

The Court grants Jones's [2] Motion for Leave to Proceed In Forma Pauperis.  The Court denies and dismisses without prejudice Jones's [1] Application for Writ of Habeas Corpus. Finally, the Court denies as moot Jones's motions for appointment of counsel, docs. 3, 8, 9. A separate Order of Dismissal accompanies this Memorandum and Order.

**V.     Certificate of appealability**

For the Court to issue a certificate of appealability, Jones must make a substantial showing that he suffered the denial of a constitutional right.  *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997).  A substantial showing is one indicating that reasonable jurists could debate the issues, a court could resolve the issues differently, or the issues deserve further proceedings. *Id.*  Jones has made no such showing here.  Thus, the Court does not issue a certificate of appealability.

So ordered this 29th day of May 2024.

_____
STEPHEN R. CLARK
CHIEF UNITED STATES DISTRICT JUDGE